UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY EUGENE KELLY<br>No. 356072,<br><br>Petitioner,<br><br>v.<br><br>SHAWN PHILLIPS, Warden,<br><br>Respondent. | No. 3:17-cv-01457<br>Judge Trauger |

# **M E M O R A N D U M**

Timothy Eugene Kelly, an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se, in forma pauperis* petition under 28 U.S.C. § 2254 for a writ of *habeas corpus* challenging his 2011 conviction and sentencing for especially aggravated robbery, aggravated robbery, and fraudulent use of a credit card for which he is serving a term of imprisonment of thirty-seven years in the Tennessee Department of Correction. (Docket No. 1 at 2).

**I.  Introduction**

On March 22, 2011, a Davidson County, Tennessee, jury convicted the petitioner of one count of especially aggravated robbery and two counts of fraudulent use of a credit card. *State v. Kelly*, No. M2011-01260-CCA-R3-CD, 2012 WL 5193401, at *1 (Tenn. Crim. App. Oct. 22, 2012), *perm. app. denied*, (Tenn. Jan. 14, 2013). On May 9, 2011, the trial court sentenced the petitioner to an effective thirty-seven years of imprisonment. *Id.* On appeal, the petitioner challenged the sufficiency of the evidence supporting his convictions and the sentences imposed by the trial court. The Tennessee Court of Criminal Appeals affirmed. *Id.* at *8. The Supreme Court of Tennessee denied the petitioner's application for discretionary review on January 8, 2013. *Id.* at *1.

1

The petitioner properly filed a *pro se* petition for post-conviction relief in the post-conviction trial court on September 5, 2013. *Kelly v. State*, No. M2014-01666-CCA-R3-PC, 2015 WL 5882695, at *4 (Tenn. Crim. App. Oct. 8, 2015), *perm. app. denied*, (Tenn. Feb. 18, 2016). The post-conviction trial court appointed post-conviction counsel who filed an amended petition on June 3, 2014. *Kelly*, 2015 WL 5882695, at *4. The post-conviction trial court held an evidentiary hearing on the petitions and denied relief in a written order. *Id.* at *6. The Court of Criminal Appeals affirmed, and the Supreme Court of Tennessee denied the petitioner's application for discretionary review on February 18, 2016. *Id.* at *1.

On September 20, 2017, the petitioner filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court. (Docket No. 1 at 1). That case was assigned to the Honorable Waverly D. Crenshaw, Jr. *See* Case No. 3:17-cv-1302, *Kelly v. Shawn Phillips,* (M.D. Tenn. 2017).

On November 13, 2017, the petitioner filed the instant *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court. (Docket No. 1 at 10). That case was assigned to the undersigned.

By order entered on 4/3/2018, the Honorable Waverly D. Crenshaw, Jr. consolidated Case No. 3:17-cv-1302, *Kelly v. Shawn Phillips,* (M.D. Tenn. 2017), with this action. (Docket No. 16).

On January 19, 2018, in this now-consolidated action, the respondent filed a motion to dismiss the petition for a writ of *habeas corpus* for untimeliness. (Docket No. 10).

II. **Standard for Preliminary Review of Section 2254 Cases**

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine § 2254 petitions

to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Motion to Dismiss

The respondent has filed a motion to dismiss the petitions in this consolidated action as untimely filed in violation of the one-year statute of limitations set forth by the AEDPA. (Docket No. 10-1 at 4-6). The petitioner has not yet responded to the motion.

The record before the court shows that the date on which the petitioner's judgment became

final by conclusion of direct review was April 8, 2013.[1] Thus, pursuant to Federal Rule of Civil Procedure 6(a)(1)(A), the AEDPA limitations period began running on April 9, 2013, the day after the Supreme Court limitation period expired. *See* Fed. R. Civ. P. 6(a)(1)(A)("exclude the day of the event that triggers the period[.]"). Therefore, the petitioner had one year, or until April 10, 2014, to timely file his federal *habeas* petition.

However, on September 5, 2013, the petitioner statutorily tolled the limitations period by properly filing a *pro se* state petition for post-conviction relief. The AEDPA's one-year limitations had run for 149 days prior to the petitioner's post-conviction filing.

On February 18, 2016, the petitioner completed the state post-conviction process when the Tennessee Supreme Court denied his application for discretionary review. Therefore, the limitations period resumed the next day, February 19, 2016. *See* Fed. R. Civ. P. 6(a)(1)(A). The petitioner then had 216 days, or until September 22, 2016, to timely file his federal habeas petition.

The petitioner placed his petition into the prison mail system on November 13, 2017.[2] (Docket No. 1 at 10). From the record before the court, it appears that the petitioner filed his petition **417 days** after the AEDPA's one-year limitations period. In other words, the petition is untimely. Even using

---

[1] The petitioner does not state whether he petitioned for certiorari in the Supreme Court on direct appeal. On January 8, 2013, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, January 8, 2013, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on April 8, 2013. *See Fed. R. Civ. P.* 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

[2] The petitioner did not include a month and day on the signature line of his petition but the envelope in which the petition was mailed to the court is postmarked November 13, 2017, so the petitioner could not have signed and submitted his petition for mailing any later than November 13, 2017.

4

the earlier-filed petition in this consolidated action signed by the petitioner on September 25, 2017, the petitioner filed his petition **368 days** after the AEDPA deadline expired.

The petitioner offers no justification for his untimely filing. He has not responded to the respondent's pending motion to dismiss. Out of an abundance of caution, the court will grant the petitioner twenty-eight (28) days to show cause why his petition should not be dismissed as time-barred.

**IV.    Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, and considering the respondent's motion to dismiss, it appears that the petition should be dismissed as untimely. However, the petitioner will be given twenty-eight (28) days to show cause why his petition should not be dismissed for untimeliness.

An appropriate order will be entered.

ENTER this 3rd day of May 2018.

Aleta A. Trauger
United States District Judge