IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TIMOTHY EUGENE KELLY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 3:17-cv-1457 |
| v. | ) | Judge Trauger |
| | ) | |
| RANDY LEE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M**

Pending before the court is Timothy Eugene Kelly's *pro se, in forma pauperis* petition under 28 U.S.C. § 2254 for a writ of *habeas corpus* challenging his 2011 conviction and sentence for especially aggravated robbery, aggravated robbery, and fraudulent use of a credit card. Kelly is an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, where he is serving a term of imprisonment of thirty-seven years in the Tennessee Department of Correction. (Docket No. 1 at 2).

**I.  Background**

On March 22, 2011, a Davidson County, Tennessee, jury convicted Petitioner of one count of especially aggravated robbery and two counts of fraudulent use of a credit card. *State v. Kelly*, No. M2011-01260-CCA-R3-CD, 2012 WL 5193401, at *1 (Tenn. Crim. App. Oct. 22, 2012), *perm. app. denied*, (Tenn. Jan. 14, 2013). On May 9, 2011, the trial court sentenced Petitioner to an effective thirty-seven years of imprisonment. *Id.* On appeal, Petitioner challenged the sufficiency of the evidence supporting his convictions and the sentences imposed by the trial court. The Tennessee Court of Criminal Appeals affirmed. *Id.* at *8. The Supreme Court of Tennessee denied Petitioner's application for discretionary review on January 8, 2013. *Id.* at *1.

1

Petitioner properly filed a *pro se* petition for post-conviction relief in the post-conviction trial court on September 5, 2013. *Kelly v. State*, No. M2014-01666-CCA-R3-PC, 2015 WL 5882695, at *4 (Tenn. Crim. App. Oct. 8, 2015), *perm. app. denied*, (Tenn. Feb. 18, 2016). The post-conviction trial court appointed post-conviction counsel who filed an amended petition on June 3, 2014. *Kelly*, 2015 WL 5882695, at *4. The post-conviction trial court held an evidentiary hearing on the petition and denied relief in a written order. *Id.* at *6. The Court of Criminal Appeals affirmed, and the Supreme Court of Tennessee denied Petitioner's application for discretionary review on February 18, 2016. *Id.* at *1.

On September 20, 2017, Petitioner filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court. (Docket No. 1 at 1). That case was assigned to the Honorable Waverly D. Crenshaw, Jr. *See* Case No. 3:17-cv-1302, *Kelly v. Shawn Phillips,* (M.D. Tenn. 2017).

On November 13, 2017, Petitioner filed the instant *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court. (Docket No. 1 at 10). That case was assigned to the undersigned, Honorable Aleta A. Trauger.

By order entered on April 3, 2018, the Honorable Waverly D. Crenshaw, Jr. consolidated Case No. 3:17-cv-1302, *Kelly v. Shawn Phillips,* (M.D. Tenn. 2017), with this action. (Docket No. 16). On January 19, 2018, in this now-consolidated action, Respondent filed a motion to dismiss the petition for a writ of *habeas corpus* as untimely filed in violation of the appliable one-year statute of limitations. (Docket No. 10-1 at 4-6). By order and accompanying memorandum entered on May 3, 2018, the court ordered Petitioner to show cause why his petition should not be dismissed as time-barred. (Docket Nos. 12 & 13). In response, Petitioner submitted a "Notice of Additional Information." (Docket No. 14). The court then ordered Respondent to address

Petitioner's latest filing because it asserted what could be construed as an equitable tolling argument. (Docket No. 15). Respondent filed his response on September 17, 2018, asserting that Petitioner is not entitled to equitable tolling and his petition should be dismissed. (Docket No. 21).

## II. Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review was April 8, 2013.[1] Thus, pursuant to Federal Rule of Civil

---

[1] Petitioner does not state whether he petitioned for certiorari in the Supreme Court on direct appeal. On January 8, 2013, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, January 8, 2013, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90)

3

Procedure 6(a)(1)(A), the AEDPA limitations period began running on April 9, 2013, the day after the Supreme Court limitation period expired. *See* Fed. R. Civ. P. 6(a)(1)(A)("exclude the day of the event that triggers the period[.]"). Therefore, Petitioner had one year, or until April 10, 2014, to timely file his federal *habeas* petition.

However, on September 5, 2013, Petitioner statutorily tolled the limitations period by properly filing a *pro se* state petition for post-conviction relief. The AEDPA's one-year limitations had run for 149 days prior to Petitioner's post-conviction filing. On February 18, 2016, Petitioner completed the state post-conviction process when the Tennessee Supreme Court denied his application for discretionary review. Therefore, the limitations period resumed the next day, February 19, 2016. *See* Fed. R. Civ. P. 6(a)(1)(A). Petitioner then had 216 days, or until September 22, 2016, to timely file his federal habeas petition.

Petitioner placed his petition into the prison mail system on November 13, 2017.[2] (Docket No. 1at 10). Petitioner filed his petition 417 days after the AEDPA's one-year limitations period; therefore, the petition is untimely. Even using the earlier-filed petition in this consolidated action, signed by Petitioner on September 25, 2017, Petitioner filed his petition 368 days after the AEDPA deadline expired.

However, the one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (observing that limitations statutes

---

day period ended on April 8, 2013. *See Fed. R. Civ. P*. 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

[2]Petitioner did not include a month and day on the signature line of his petition but the envelope in which the petition was mailed to the court is postmarked November 13, 2017, so Petitioner could not have signed and submitted his petition for mailing any later than November 13, 2017.

4

do not require courts to dismiss claims as soon as the "clock has run."). The doctrine of equitable tolling is used sparingly and is applied typically "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Tolling is warranted only where the petitioner shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.

Petitioner contends that he is entitled to equitable tolling for two reasons. First, Petitioner contends that he suffers from mental conditions and that his mental conditions caused him "to be unable to comprehend certain matters such [as] regarding law." (Docket No. 14 at 1). Second, Petitioner contends that, "between 2015 to 2017, the Petitioner were [sic] not given adequate legal assistance nor adequate legal library research document[s]." (Docket No. 14 at 2). Respondent urges that neither argument constitutes an extraordinary circumstance excusing the untimely filing of Petitioner's federal habeas petition. Respondent also argues that Petitioner has not demonstrated that he exercised reasonable diligence.

To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence,

> a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

5

*Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). *See McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) ("mental incompetence is not a per se reason to toll a statute of limitation); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (citations omitted) ("Illness-mental or physical-tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (citations omitted) ("The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. The petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected [petitioner's] ability to file a timely habeas petition.").

Here, Petitioner alleges that he suffers from a learning disorder, "bi-polar," and depression. (Docket No. 14 at 1). He alleges that, between 2015 and 2018, he was "very unstable" and attempted suicide on several occasions. (*Id*. at 1-2). However, Petitioner has not alleged any facts that would suggest his mental conditions prevented him from timely filing the instant action. Therefore, Petitioner's mental health conditions cannot form the basis for equitable tolling. *Compare Ward v. Donahue,* No. 3:13-cv-658-HSM-HBG, 2014 WL 3534057, at *2-3 (E.D. Tenn. July 16, 2014) (finding that petitioner was not entitled to equitable tolling when he alleged his habeas petition was filed late due to his bipolar disorder and antisocial personality disorder; although petitioner provided mental health records supporting his mental conditions, he did not claim that his mental conditions actually prevented him from filing a habeas corpus petition) and *Powell v. Morrow*, No. 1:10-cv-181, 2011 WL 294295, at *4 (E.D. Tenn. Jan. 27, 2011) (where petitioner alleged that his unspecified mental illness prevented him from filing a timely habeas petition, court rejected equitable tolling argument because "Petitioner's unsupported allegations of mental incapacity are belied by his ability to pursue—as a pro litigant—his pro se federal habeas

petition.") to *Ata*, 662 F.3d at 740 (finding that petitioner's mental incompetence tolled the statute of limitations where petitioner presented specific evidence of hospitalization and medication on numerous occasions for paranoid schizophrenia during the one-year period after his conviction became final).

Moreover, the record establishes that, during the time Petitioner alleges his mental conditions constituted an extraordinary circumstance warranting equitable tolling, Petitioner mailed a document to Davidson County District Attorney General Victor S. Johnson and a document to the Board of Professional Responsibility on February 22, 2016; another document to the Board of Professional Responsibility on April 14, 2016; a document to the Gibson County, Tennessee Circuit Court Clerk on May 10, 2016; a document to the Board of Professional Responsibility on July 11, 2016; a document to Criminal Court I of Davidson County on January 3, 2017; a mailing to the Board of Judicial Conduct on January 5, 2017; a mailing to post-conviction counsel on January 12, 2017; a document to Davidson County Criminal Court Clerk on January 25, 2017; and a document to the Davidson County Criminal Clerk's Office on June 9, 2017. (*See* Docket Nos. 20, Attach. 2). Petitioner's prolific filings throughout the time period at issue contradict any assertion by Petitioner that he was mentally incompetent and thus unable to timely file his federal habeas petition. *See Howard v. Tenn.*, No. 3:13-0292, 2015 WL 520521, at *6 (M.D. Tenn. Feb. 9, 2015) (rejecting petitioner's equitable tolling argument based on his mental illness where "Petitioner's pro se federal habeas petition and other pro se filings in this action [] reflect orderly, cogent thought."); *Sales v. Taylor*, No. 4:14-CV-58-HSM-SKL, 2015 WL 4487833, at *8 (E.D. Tenn. July 23, 2015) (rejecting petitioner's equitable tolling argument because "the fact Petitioner was able to file two state petitions under the same alleged condition of mental incompetence . . . is conclusive proof that his cognitive disability was not so incapacitating

that it caused his failure to comply with 28 U .S.C. § 2254(d)."). Petitioner has not demonstrated that, during the applicable time period, he was so incapable of rational thought he could not appreciate his legal situation or ascertain that he must take steps to protect his rights. Consequently, the court finds that Petitioner's mental health conditions cannot form the basis for equitable tolling.

Next, Petitioner contends that, "between 2015 to 2017, the Petitioner were [sic] not given adequate legal assistance nor adequate legal library research document[s]." (Docket No. 14 at 895). The Sixth Circuit has found that limited access to a law library does not warrant equitable tolling, even in cases where the petitioner is in solitary confinement. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (finding that a petitioner's "pro se status and limited law-library access" did not allow for equitable tolling); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751 (E.D. Mich. 2002) (holding denial of access to legal materials was not an exceptional circumstance warranting equitable tolling).

Even if Petitioner's access to the law library and other legal materials may have been more restricted than general population inmates, that alone does not entitle him to equitable tolling. *See e.g., Hall*, 662 F.3d at 752 ("[Petitioner's] inability to access the transcript of his trial is unfortunate. But it is not enough, even in combination with his pro se status and limited law-library access, to warrant the equitable tolling of AEDPA's limitations period."); *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) ("Generally, to qualify as 'extraordinary circumstances,' the petitioner must show more than just his status as pro se or his limited access to a law library."); *Hawkins v. Warden, Ross Corr. Inst.*, No. 2:14-CV-00579, 2015 WL 1100813, at *4 (S.D. Ohio Mar. 11, 2015) ("A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited

access to the prison's law library or to legal materials together or alon[e] do not provide a sufficient justification to apply equitable tolling of the statute of limitations.").

Neither does a prisoner's limited access to legal aids constitute an extraordinary circumstance warranting equitable tolling. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding a habeas petitioner has no constitutional right to an attorney or other legal assistance and his "lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitation."); *Powell*, 2011 WL 294295, at *4 (rejecting petitioner's equitable tolling argument based on his lack of assistance from legal aid or his lack of awareness of the one-year statute of limitations).

Here, Petitioner does not support his contentions that he was not given adequate legal assistance or adequate research materials with evidence. In any event, the fact that Petitioner mailed ten distinct documents between February 2016 and June 2017 suggests that he was not denied access to legal research or to persons who could help him with legal tasks. Petitioner has failed to show that a lack of legal paperwork prevented him from timely filing his petition and does "not explain satisfactorily how the lack of his legal materials prevented him from timely filing his habeas corpus petition." *Bowling v. Lee*, No. 2:17-cv-35-RLJ-MCLC, 2018 WL 1595789, at *5 (E.D. Tenn. Mar. 30, 2018) (denying petitioner's request for equitable tolling). The court therefore finds that Petitioner has failed to satisfy his burden of proving that he is entitled to equitable tolling on these grounds.

Finally, the Supreme Court has held that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted); *Taylor v. Palmer*, 623 F. App'x 783, 787-88 (6th Cir. 2015). A petitioner establishes due diligence by showing that he took "prompt action" as soon

as he realized he had an interest in challenging his conviction. *Johnson v. United States*, 544 U.S. 295, 308, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005).

Here, Petitioner mailed ten documents using the prison mail system throughout 2016 and 2017. Petitioner therefore had ample opportunity and the apparent ability to file his federal habeas petition during this same time period, but failed to do so. Petitioner's mailings during this period show that he was able to pursue his federal habeas rights but chose not to pursue them for many months. This evidence does not show due diligence on the part of Petitioner.

**III. Conclusion**

After conducting a review of Petitioner's § 2254 petition, and considering Respondent's motion to dismiss the petition and Petitioner's response thereto, the court finds that the petition was untimely filed. Under the circumstances, Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation.

Therefore, the petition for the writ of habeas corpus will be denied as time-barred and this action will be dismissed. A certificate of appealability shall not issue. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An appropriate order will be entered.

ENTER this 21st day of September 2018.

_____
Aleta A. Trauger
United States District Judge